Joe V. DAVENPORT, Appellant,

v.

Charles NIEDNER, Respondent.

No. ED 89062.

Missouri Court of Appeals,
Eastern District,
Division One.

June 10, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 2008.

William J. O'Herin, Florissant, MO, for appellant.

Lawrence F. Hartstein, St. Louis, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J. and ROBERT G. DOWD, JR. and KENNETH M. ROMINES, JJ.

**ORDER**

PER CURIAM.

Joe Davenport ("Davenport") appeals from the judgment of the trial court entered on the jury's verdict in favor of Charles Niedner ("Niedner") on Davenport's petition for malicious prosecution. Davenport makes three claims of trial court error. He contends the trial court erred in: (1) submitting Instruction Number 8 over Davenport's objection because Niedner did not allege Davenport had stalked him as required by Section 455.020,[1] RSMo 2000;[2] (2) excluding the

---

1. All rule citations are to the Missouri Rules of Civil Procedure (2008).

2. Wife's motion is denied.

1. Although Davenport repeatedly refers to Section 455.010, which contains definitions for terms related to protective orders, his arguments are really concerned with Section 455.020, which reads, in pertinent part: "Any adult who has been subject to abuse by a present or former adult family or household member, or who has been the victim of stalking, may seek relief under sections 455.010 to 455.085 by filing a verified petition alleging such abuse or stalking by the respondent." Therefore, we will refer to Section 455.020.

2. All further statutory references are to RSMo 2000 unless otherwise indicated.

testimony of Davenport's expert witness, Bruce Eastman, that in 1999 an adult abuse petition under Section 455.020 could only be filed if the plaintiff alleged stalking; and (3) excluding Davenport's counsel's closing argument that Mary Davenport and Larry Steinman denied Davenport was having a nervous breakdown when they testified in the 1997 adult abuse case. We affirm.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).